```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
AMY GALLINA,

                Plaintiff,

        -against-                                    25 Civ. 4658 (LAK)

TARGET CORPORATION, at al.,

                Defendants.
------------------------------------------x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/27/25

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

        This action was commenced in the New York Supreme Court and later removed to this Court, purportedly on the basis of diversity of citizenship. The Court issued an order noting that the notice of removal failed adequately to allege diversity of citizenship because it failed adequately to allege the citizenship of the plaintiff and of two limited liability company ("LLC") defendants. The order stated also that the action would be remanded absent the filing of an amended notice of removal curing those defects.

        The amended notice of removal still fails sufficiently to allege the citizenship of the LLC defendants.[1] Rather, it contends that (1) the citizenship of defendant WB Imico Lexington Lessee, LLC ("WB") is irrelevant because it sold the premises in 2010 and Plaintiff allegedly has agreed to its dismissal and (2) defendant VNO 86 Lex LLC ("VNO") was fraudulently joined because it has tendered the defense of the action to Target for defense and indemnification.

---

[1] The Court expresses no view as to the adequacy of the allegation of the citizenship of the plaintiff.

2

Defendant is mistaken.

"In order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court. The defendant seeking removal bears a heavy burden of proving fraudulent joiner, and all factual and legal issues must be resolved in favor of the plaintiff."[2] As to WB, joinder perhaps might be considered "fraudulent," although the Court need not now decide that, because the LLC allegedly sold the premises many years before the accident and plaintiff therefore cannot state a cause of action against it for negligence. The argument that VNO was fraudulently joined, however, is unpersuasive. The fact that Target, subsequent to removal, is said to have agreed to defend and indemnify VNO does not remove VNO from the case. Diversity of citizenship must exist both at the time the action was filed in state court and at the time of removal.[3] Moreover, it does not support the argument that VNO was joined fraudulently. Target must show by clear and convincing evidence that "there is no possibility, based on the pleadings, that [the plaintiff] can state a cause of action against the non-diverse defendant in state court."[4] Target merely makes a conclusory statement that VNO did not have "any role to play regarding the maintenance of the interior of the Target Store,

---

[2] *Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 461 (2d Cir. 1998).

[3] *Hershfeld v. JM Woodworth Risk Retention Grp., Inc.,* No. 16 CIV. 6369 (BMC), 2017 WL 1628886, at *3 (E.D.N.Y. May 1, 2017); *see also Grupo Dataflux v. Atlas Global Grp., L.P.,* 541 U.S. 567, 570-71 (2004).

[4] *Pampillonia*, 138 F.3d at 461 (2d Cir. 1998).

3

or the transient water condition on which the Plaintiff allegedly fell."

        Accordingly, the action is remanded to the court from which it was removed for want of subject matter jurisdiction.

        SO ORDERED.

Dated:        June 27, 2025

                                            /s/ Lewis A. Kaplan
                                            _____
                                                    Lewis A. Kaplan
                                           United States District Judge